[930 NYS2d 514]

In the Matter of MELVIN B. NEISNER, JR., a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 2011

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Melvin B. Neisner, Jr.*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 17, 1984. On November 24, 2008, he was convicted upon a jury verdict in the Vermont District Court for Rutland County (District Court) of impeding public officers (13 Vt Stat Ann, tit 13, § 3001), a felony. Additionally, respondent was convicted of three misdemeanors. The crimes arose from respondent's involvement in an automobile accident and his subsequent attempts to conceal his involvement in the accident, including having fled the scene and having falsely informed the police that his wife was driving the motor vehicle at the time of the accident.

In June 2009, the Grievance Committee filed proof of respondent's convictions with this Court. We determined that respondent had committed a serious crime within the meaning of Judiciary Law § 90 (4) (d) and, on September 17, 2009, entered an order suspending respondent and directing him to show cause why a final order of discipline should not be entered (*Matter of Neisner*, 66 AD3d 1497 [2009]).

By decision dated October 9, 2009, the Vermont Professional Responsibility Board recommended that respondent be suspended from the practice of law for a period of one year, effective November 9, 2009, to be followed by a minimum period of probation of 12 months. On October 14, 2009, respondent was sentenced in District Court on the felony conviction to an indeterminate term of incarceration of 6 months to 3 years, to be suspended with the exception of 99 days and to be followed by a term of probation until further order of the District Court. On the misdemeanor counts, respondent was sentenced to various terms of incarceration, similarly to be suspended with the exception of 99 days, which were directed to run concurrently with the 99-day term of incarceration imposed on the felony count.

Prior to the return date of the pending order to show cause, respondent advised this Court that he was taking appeals both from the Vermont judgment of conviction and from the recommendation of the Vermont Professional Responsibility Board. This Court reserved decision on our order to show cause pending the outcome of respondent's Vermont appeals.

On March 31, 2011, the Grievance Committee advised this Court that the Vermont Supreme Court had decided respondent's appeals. With respect to the judgment of conviction, the Vermont Supreme Court modified the judgment by reversing one misdemeanor conviction on the ground that it violated the Double Jeopardy Clause (*State v Neisner*, 2010 Vt 112, 16 A3d 597 [2010]). With respect to the disciplinary matter, the Vermont Supreme Court modified the one-year suspension recommended by the Vermont Professional Responsibility Board by instead imposing a two-year suspension, effective January 9, 2009, to be followed by a 12-month term of probation. In determining that the one-year suspension was too lenient, the Vermont Supreme Court noted several aggravating factors, including that respondent had intentionally lied in order to conceal his own wrongdoing. In mitigation, however, the court noted that respondent had cooperated with the Vermont disciplinary authorities, had no disciplinary history, had an excellent record of community involvement, and had expressed remorse (*In re Neisner*, 2010 Vt 102, 16 A3d 587 [2010]). By order entered April 5, 2011, respondent was reinstated to the practice of law in Vermont (*In re Neisner*, 2011 Vt 35, 18 A3d 581 [2011]).

Following the resolution of respondent's Vermont appeals, this Court notified the parties that it would proceed on the order to show cause, and respondent thereafter submitted various materials in mitigation.

In determining the appropriate sanction in this matter, we note our agreement with the Vermont Supreme Court that respondent committed serious misconduct for dishonest and selfish motives. We further agree with that court, however, that the aggravating factors in this matter are outweighed by numerous mitigating factors, including respondent's previously unblemished record, his expression of remorse, and his exemplary record of public service, both before and after the incident in question. We have further considered that the misconduct was an aberration and occurred at a time when respondent's judgment was affected by alcohol. Finally, we have considered that respondent has successfully sought treatment for his alcoholism.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for two years, effective September 17, 2009, and until further order of the Court.

Smith, J.P., Fahey, Carni, Sconiers and Gorski, JJ., concur.
Order of suspension entered.